UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BRIAN TOMEO,                                              Civil Action No. 16-4252

               Plaintiff,

     -against-                                        **COMPLAINT**

USAA CASUALTY INSURANCE COMPANY                          **Jury Trial Demanded**

               Defendant.
-------------------------------------------------------------------X

      Plaintiff BRIAN TOMEO, by and through his attorneys, NICOLETTI HORNIG

& SWEENEY, as and for a Complaint against Defendant USAA CASUALTY INSURANCE

COMPANY, alleges upon information and belief, as follows:

### The Parties and Jurisdiction

      1.     That at all times hereinafter mentioned, plaintiff BRIAN TOMEO

(hereinafter referred to as "Plaintiff" or "Tomeo") was and is a resident of the State of Florida

with a residence located at 799 Crandon Boulevard, Apt. 1105, Key Biscayne, Florida 33149.

      2.     That at all times hereinafter mentioned, defendant USAA CASUALTY

INSURANCE COMPANY (hereinafter referred to as "USAA") was and is a corporation or other

business entity duly organized under and existing by virtue of, or otherwise licensed or

authorized to do business under, the laws of the State of Texas with a principal place of business

located at 9800 Fredericksburg Road, San Antonio, Texas 78288 and a New York office located

at 529 Main Street, Highland Falls, New York 10928.

      3.     That at all times hereinafter mentioned, USAA was engaged in the

business of, among other things, providing insurance, banking, and investment services

throughout the United States of America.

4.     That at all times hereinafter mentioned and upon information and belief, USAA was and is duly licensed to issue insurance within the State of New York pursuant to, *inter alia*, New York Insurance Law §§ 1113(a) and 4102(c) and offers its services to the public at large.

5.     That at all times hereinafter mentioned, USAA did and does transact business in the State of New York, and in fact derives a substantial portion of its income from its business activities in the State of New York.

6.     That at all times hereinafter mentioned, USAA derived and derives substantial revenue from issuing insurance policies in the State of New York.

7.     That at all times hereinafter mentioned, USAA engages in the business of adjusting insurance claims in the State of New York and Plaintiff's claims arise out of USAA's business activities in the State of New York.

8.     That at all times hereinafter mentioned, USAA expected and knew or should reasonably have expected or known that its actions would have consequences within the State of New York.

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.  The citizenship of the parties is diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

10.     Venue is proper in this district pursuant to 28 U.S.C. § 1332, *et seq.* and 28 U.S.C. § 1391, *et seq.* in that a substantial part of the events or omissions giving rise to this claim occurred in this district and the property that is the subject of the action is situated in this district.

**The Insurance Policy**

11.     That at all times hereinafter mentioned, Plaintiff entered into an insurance agreement with USAA bearing Policy Number 005189996/81A with a policy period of June 5, 2014 through June 5, 2015 ("the Policy").

12.     That at all times hereinafter mentioned, the Policy provided certain property insurance coverage for the premises located at 11 Second Avenue, Port Washington, New York 11050 ("the Premises").

13.     The Limit of Liability of the Policy for "Dwelling" coverage is $556,000.00 with a deductible of $1,000.00.  The Policy also has a limit of liability for "Other Structures" of $55,600.00 with no deductible.

14.     Prior to the issuance of the Policy, Plaintiff requested an insurance policy providing insurance coverage for the dwelling and contents located at the Premises.

15.     The Policy provides coverage for direct physical loss to the Premises caused by, *inter alia*, fire, heat, water and smoke.

16.     The Policy provides coverage for the replacement cost of the dwelling and other structures in the event of a total loss.

17.     The Policy also provides coverage for the fair rental value of the Premises.

18.     Defendant USAA charged Plaintiff premium for the Policy for the policy term June 5, 2014 to June 5, 2015.

19.     Plaintiff made payment for the Policy by automated bill pay to USAA.

20.     Defendant USAA accepted and deposited the premium payments made by Plaintiff.

**The Claim and USAA's Claims Handling**

21.     On or about August 5, 2014, an explosion occurred at 10 Prospect Avenue, Port Washington, New York, which is the property located directly adjacent to Plaintiff's Premises.

22.     The explosion was caused by Plaintiff's neighbor Michael MacNeill igniting several propane gas tanks with gallons of gasoline inside of his car causing his own death and causing severe fire and smoke damage to the surrounding area.

23.     The explosion resulted in 50-foot flames and a five-alarm fire where 150 to 200 firefighters worked for hours to extinguish the fire and took place within ten feet of Tomeo's house where MacNeill's body was later found

24.     As a result of the explosion in close proximity to the Plaintiff's home, the home and property were severely damaged and/or destroyed as a result of the explosion, fire, smoke and water damage caused by the blast and fire-fighting efforts.

25.     As a direct result of the explosion and resulting damage, the dwelling located on the Premises was essentially destroyed and rendered a total loss.

26.     As a result of the damage suffered as a result of the explosion, Plaintiff has incurred losses in excess of $800,000.00.

27.     On or about August 6, 2014, Plaintiff notified his insurer USAA of the loss and asked that USAA cover the cost to repair and/or replace the Premises, including but not limited to the replacement of the dwelling and surrounding premises.

28.     USAA sent its claims adjuster Patrick Campione to inspect the loss on or about August 8, 2014.

29.     On or about September 5, 2014, USAA issued payment to Plaintiff in the amount of $229,792.91 together with an estimate prepared by USAA claims adjuster Patrick Campione which provided that the total estimated cost to repair the premises was $293,177.15. The amount of $62,384.24 was held back as recoverable depreciation and the deductible of $1,000.00 was applied.

30.     USAA's adjuster conducted a substandard inspection of Plaintiff's property.

31.     The estimate prepared by USAA's adjuster failed to consider numerous items that should be included in any estimate to rebuild the premises in addition to coverages that were specifically mentioned to the plaintiff at the time of the adjuster's inspection.

32.     USAA misrepresented to Plaintiff that USAA's adjuster's estimate included all of Plaintiff's properly covered damages and made sufficient allowances to cover the cost of repairs to Plaintiff's property pursuant to the Policy when, in fact, the estimate failed to include many of Plaintiff's properly covered damages and provided for an amount wholly insufficient to cover the cost to rebuild the Premises.

33.     Thereafter, Plaintiff informed USAA that the amount paid was insufficient to rebuild the Premises.  In response, Campione advised that USAA would only agree to pay the amount it claimed was sufficient to repair the dwelling and maintained its position that the dwelling could be repaired without being rebuilt despite that being illegal.

34.     After numerous communications between Campione and Plaintiff concerning the Plaintiff's inability to rebuild the Premises with the inadequate payment from USAA, on or about June 26, 2015, USAA sent an engineer to inspect the Premises in order to determine whether the Premises could be repaired or if complete demolition was required.

35. The USAA's engineer's report dated July 2, 2015 erroneously concluded that the dwelling did not require a complete rebuild and that the property could be repaired.

36. USAA's engineer conducted a substandard inspection of Plaintiff's property and failed to inspect the entire structure.

37. USAA's engineer's report also misrepresented material facts related to the Town Code and falsely suggested that repairs could be made subject to the local building code when, in fact, such repairs would be illegal.

38. On July 24, 2015 as a result of the explosion and resulting damage and after an onsite visit with USAA's engineer, the local municipality, the Town of North Hempstead, declared the property to be an unsafe structure and ordered the demolition of the premises. As such, the dwelling could not be repaired, rebuilt or used in its current location rendering any repairs that Mr. Tomeo attempted to make impossible and illegal.

39. By letter dated September 30, 2015, Patrick Campione of USAA advised Plaintiff that USAA was "aware of your claim resulting from local town building and zoning codes…" and purported to deny Plaintiff's claim for the cost to rebuild the dwelling by citing the Policy's "Ordinance or Law" exclusion. The September 30, 2015 letter was the first notice that USAA intended to assert the Ordinance or Law exclusion as a defense to coverage under the Policy.

40. The September 30, 2015 letter also erroneously claimed that Plaintiff had only one (1) year from the date of loss to bring an action against USAA with the implication that the one (1) year time period had expired and Plaintiff would be unable to bring an action USAA at that time. In actuality, the Policy provides that the insured has two (2) years from the date of loss to bring an action against USAA.

41.     In December 2015, the Town of North Hempstead brought criminal charges against Plaintiff for his failure to demolish the house.

42.     During the entire process, by advising Plaintiff that he could repair the existing structure, the claims adjuster was encouraging Plaintiff to break the law.

43.     As a result of USAA's adjuster and engineer's substandard inspections and erroneous conclusions, Plaintiff was forced to retain professionals, including an engineer, contractor and adjuster, who inspected the property and determined that it was a total loss and could not be repaired.

44.     By virtue of the foregoing, USAA has failed to provide full coverage for the damages sustained by Plaintiff had undervalued Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.

45.     As a result of USAA's inadequate investigation, Plaintiff's claim was improperly adjusted and Plaintiff was considerably underpaid on the claim and has suffered damages.

46.     USAA's mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair and/or rebuild the property which has resulted in additional damages.

47.     USAA also misrepresented that Plaintiff only had one year from the date of the loss to bring an action against USAA under the Policy, which was contrary to the express terms of the Policy.

48.     Additionally, USAA initially advised Plaintiff that he only had one year to rebuild the premises with full knowledge that he did not have enough funds to rebuild, notwithstanding the fact that making such repairs were impossible and illegal.

49.     USAA's misrepresentations and wrongful acts and omissions forced Plaintiff to retain legal counsel to protect his interests with regard to this insurance claim.

50.     To date, USAA has only paid Plaintiff the total amount of $229,792.91 despite the fact that Plaintiff has sustained over $800,000.00 in actual damages and has $611,600 in total insurance coverage under the Policy.

51.     During the entire process, Campione informed plaintiff that he would be willing to accept reasonable and detailed repair bids for the items in question knowing full well that those repairs would be illegal and impossible to perform.

52.     Plaintiff was placed in an impossible position by USAA because the repairs suggested by USAA could not be legally performed.

53.     Plaintiff has duly demanded reimbursement from USAA for the additional amounts necessary to rebuild the damaged property.

54.     To date, Plaintiff has not been paid in full for the damages to the Premises and USAA continues to delay in the payment for the damages to the Premises.

55.     USAA's failure to properly adjust the claim has resulted in Plaintiff facing criminal charges and paying a fine for the failure to demolish the house which USAA erroneously contends can be repaired.

### AS AND FOR A FIRST CAUSE OF ACTION
**(Breach of Contract against USAA)**

56.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "55" hereof with the same force and effect as though the same were set forth herein in full and in length.

57.     At all relevant times, the Policy was and is a valid and binding contract between USAA and Plaintiff.

58.   At all relevant times, Plaintiff was and is an insured under the terms and conditions of the Policy.

59.   Plaintiff has suffered a loss pursuant to the terms of the Policy.

60.   Plaintiff performed all of obligations required of him under the Policy.

61.   The premiums on the Policy were duly paid and accepted by USAA and/or their agents and assignees.

62.   According to the Policy, USAA has the absolute duty to properly investigate Plaintiff's damages and to pay Plaintiff's policy benefits for the claims made due to the extensive damages.

63.   As a result of the explosion, Plaintiff suffered extensive damages.

64.   Despite objective evidence of such damages, USAA has breached its contractual obligations under the Policy by failing to pay Plaintiff benefits relating to the cost to properly rebuild the Premises and other related losses.

65.   USAA has failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.

66.   USAA has refused to pay the full proceeds of the Policy although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy had been accomplished by Plaintiff.

67.   Defendant USAA has wrongfully refused to pay the full amount of Plaintiff's claim for the destruction of the subject Premises.

68.     The grounds upon which USAA purported to decline coverage to plaintiff were without legal or factual basis and willfully disregarded USAA's obligations to Plaintiff under the Policy.

69.     Defendant USAA has breached the terms and conditions of the Policy by failing to pay the Plaintiff's claim for the damage to the Premises, including remediation and restoration costs, in addition to loss of rents.

70.     USAA has breached the Policy by, *inter alia*, mischaracterizing the nature of the loss, improper claims handling and failing to make payment for the claim under the Policy.

71.     Plaintiff has yet to receive the full payment he is entitled to under the Policy.

72.     The failure and/or refusal by Defendant USAA to pay Plaintiff for the full amount of the loss to the Premises constitutes a breach by Defendant USAA of its obligations under the Policy and entitles Plaintiff to recover damages, including consequential damages, in the full amount of the loss to be proven at trial.

73.     As a direct result of Defendant USAA's breach of contract, Plaintiff has sustained general damages in an amount no less than $570,000.00.

74.     Plaintiff is also entitled to an award of consequential damages in an amount to be determined at trial due to USAA's failure to fulfill its obligations under the Policy.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Violations of New York Unfair Claims Settlement Practices Act)

75.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "74" hereof with the same force and effect as though the same were set forth herein in full and in length.

76.     USAA's failure to properly investigate and adjust the plaintiff's claim constitutes a clear violation of the standards for prompt, fair and equitable settlement set forth in 11 NYCRR 216.6 and precludes USAA from disclaiming coverage for smoke damage.

77.     USAA violated the New York Unfair Claims Settlement Practices by failing to acknowledge pertinent communications from the insured, failing to investigate the claim properly, misrepresenting policy provisions and failing to respond to the insured's proof of loss in a timely manner.

78.     USAA's failure to promptly disclaim coverage in violation of 11 NYCRR 216.6 precludes USAA from disclaiming coverage.

79.     USAA's failure to properly investigate and adjust this claim constitutes a clear violation of the standards for prompt, fair and equitable settlement set forth in 11 NYCRR 216.6 and precludes USAA from disclaiming coverage.

80.     USAA misrepresented that Plaintiff only had one year from the date of the loss to bring an action against USAA under the Policy which was contrary to the express terms of the Policy and constitutes a violation of 11 NYCRR 216.3.

81.     Plaintiff has been damaged by reason thereof and will continue to be damaged by reason of USAA's misconduct.

82.     Plaintiff incurred increased damages as a result of USAA's delay in handling the claim.

83.     As a direct and proximate result of USAA's violations of the New York Unfair Claims Settlement Practices Act, Plaintiff has sustained general damages in excess of $570,000.00 in addition to consequential damages in an amount to be determined at trial.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Violations of Texas Deceptive Trade Practices Act)

84.     Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "83" hereof with the same force and effect as though the same were set forth herein in full and in length.

85.     USAA's failure to properly investigate and adjust Plaintiff's claim constitutes a clear violation of the Texas Deceptive Trade Practices Act (DTPA), including but not limited to Sections 17.46(b)(12), (14) (20), (24) and Section 17.50(a)(4) of the Texas Business & Commerce Code.

86.     USAA collectively engaged in false, misleading, or deceptive acts or practices that included, but were not limited to:

a.     Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

b.     Failing to disclose information concerning goods or services which were known at the time of the transaction, and the failure to disclose such information was intended to induce the consumer into a transaction which the consumer would not have entered into had such information been disclosed;

c.     Using or employing an act or practice in violation of the Texas Insurance Code;

d.     Unreasonably delaying the investigation, adjustment and resolution of plaintiff's claim;

e.     Failure to properly investigate Plaintiff's claim; and/or

f.     Hiring and relying upon a biased engineer and/or adjuster to obtain a favorable, result-oriented report to assist Defendant in low-balling and/or denying Plaintiff's damage claim.

87.     USAA represented to Plaintiff that the Policy and/or USAA's adjusting and investigative services had characteristics or benefits that it actually did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA.

88.     USAA represented to Plaintiff that the Policy and/or USAA's adjusting and investigative services were of a particular standard, quality, or grade when they were of another, which stands in violation of Section 17.46(b)(7) of the DTPA.

89.     By representing that USAA would pay the entire amount needed by Plaintiff to repair the damages caused by the fire and then not doing so, USAA has violated Section 17.46(b)(5),(7) and (12) of the DTPA.

90.     USAA has breached an express warranty that the damage caused by the fire would be covered under the subject Policy.  This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (20) and 17.50 of the DTPA.

91.     USAA violated the DTPA by failing to acknowledge pertinent communications from the insured and failing to investigate the claim properly.

92.     USAA's failure to promptly disclaim coverage in violation of the regulation precludes USAA from disclaiming coverage.

93.     USAA's failure to properly investigate and adjust this claim constitutes a clear violation of the standards for prompt, fair and equitable settlement set forth in the DTPA and precludes USAA from disclaiming coverage.

94.     Plaintiff has been damaged by reason of USAA's misconduct and will continue to be damaged by reason thereof.

95.     Plaintiff incurred increased damages as a result of USAA's delay in handling the claim.

96.     USAA's actions, as described herein, are unconscionable in that it took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.

USAA's unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA.

97.     USAA's conduct, acts, omissions, and failures, as described herein, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

98.     Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, or deceptive acts or practices made by USAA to his detriment.

99.     As a direct and proximate result of USAA's collective acts and conduct, Plaintiff has been damaged in an amount in excess of $570,000.00, for which Plaintiff now sues. All of the above-described acts, omissions and failures of USAA are a direct and proximate cause of Plaintiff's damages that are described herein.

100.     Since USAA's collective actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all the damages described herein, mental anguish damages and additionally penalty damages, in an amount not to exceed three times such actual damages, for USAA having knowingly committed such conduct.  Additionally, Plaintiff is ultimately entitled to recover damages in an amount not to exceed three times the amount of mental anguish and actual damages due to USAA having intentionally committed such conduct.

101.     As a result of USAA's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code, as well as any other such damages to which Plaintiff may show himself to be justly entitled at law and in equity.

102.    As a direct and proximate result of USAA's violations of the DTPA, Plaintiff has sustained general damages in excess of $570,000.00 in addition to consequential damages in an amount to be determined at trial.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violations of Texas Insurance Code)

103.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "102" hereof with the same force and effect as though the same were set forth herein in full and in length.

104.    USAA's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10)(a)(ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, USAA engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b.  Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c.  Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d.  Forcing Plaintiff to file suit to recover amounts due under the Policy by refusing to pay all benefits due;

e.  Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of the Code; and/or

f.  Failing to pay a valid claim after receiving all reasonably requested and required items from the claimant.

105.    USAA misrepresented to Plaintiff that certain damage to the Premises was not covered under the Policy even though the damage was caused by a covered occurrence.

106.    USAA failed to make an attempt to settle Plaintiff's claim in a fair manner, although USAA was aware of its liability to Plaintiff under the Policy.

107.    USAA failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.

108.    USAA performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's damages.

109.    USAA failed to accept or deny Plaintiff's full and entire claim within the mandated time of receiving all necessary information.

110.    USAA has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for his claim.

111.    As a direct and proximate result of USAA's violations of the Texas Insurance Code, Plaintiff has sustained general damages in excess of $570,000.00 in addition to consequential damages in an amount to be determined at trial.

112.    Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because USAA's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional damages in an amount not to exceed three times the amount of actual damages, for USAA having knowingly committed such conduct. Additionally, Plaintiff is entitled to recover damages in an amount not to exceed three times the amount of mental and actual damages for USAA having intentionally committed such conduct.

113.    As a result of USAA's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Breach of Duty of Good Faith and Fair Dealing)**

114.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "113" hereof with the same force and effect as though the same were set forth herein in full and in length.

115.    USAA has inadequately investigated Plaintiff's claim, violated applicable insurance regulations, and inordinately delayed in reviewing Plaintiffs' claim.

116.    Upon information and belief, USAA has engaged in dilatory practices as a general policy that form a part of the insurance company's usual and customary business and claims settlement practices.

117.    USAA has engaged in systemic misconduct including but not limited to delaying the payment of claims; making unreasonable settlement offers before engagement of counsel; denying coverage of legitimate claims; and otherwise acting in bad faith.

118.    As a direct result of USAA's bad faith claims handling practices, Plaintiff has been damaged by, *inter alia*, the loss of the benefit of the bargain; the loss of insurance benefits including peace of mind, the comfort and knowledge of protection against disaster; delay costs and interest; and the expenditure of unreasonable amounts of time in pursuing its claims herein.

119.    As a result of USAA's bad faith claims handling practices, Plaintiff has sustained general damages in excess of $570,000.00 and consequential damages in an amount to be determined at trial.

120.    As a direct result of USAA's bad faith claims handling practices, Plaintiff is entitled to an award of attorney's fees and punitive damages in an amount to be determined at trial.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Unfair Insurance Practices)

121.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "120" hereof with the same force and effect as though the same were set forth herein in full and in length.

122.    Plaintiff has satisfied all conditions precedent to bringing these causes of action.  By its acts, omissions, failures and conduct, USAA has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code.

123.    Such violations include, without limitation, all the conduct described in this Complaint, in addition to USAA's failure to properly investigate Plaintiff's claim, USAA's unreasonable delays in investigation, adjustment and resolution of Plaintiff's claims, and USAA's failure to pay for the proper repair and/or replacement of the Premises, as to which USAA's liability had become reasonably clear.

124.    Additional violations include USAA's hiring of and reliance upon biased adjusters and/or engineers to obtain favorable, result-oriented reports to assist it in low-balling and denying Plaintiff's fire-related damages and related claims.

125.    USAA also failed to look for coverage and give Plaintiff the benefit of the doubt, in addition to USAA's misrepresentations of coverage under the Policy.   Specifically, USAA is also guilty of the following unfair insurance practices:

    a.  Engaging in false, misleading and deceptive acts or practices in the business of insurance in this case;

    b.  Engaging in unfair claims settlement practices;

    c.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

    d.  Not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims as to which USAA's liability had become reasonably clear;

    e.  Failing to affirm or deny coverage of Plaintiff's claims within a reasonable time and failing to submit a reservation of rights letter to Plaintiff within a reasonable time;

    f.  Refusing to pay Plaintiff's claims without conducting a reasonable investigation with respect to the claims; and

    g.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of the claim or for the office of a compromise settlement.

126.    USAA has also breached the Texas Insurance Code when it breached it duty of good faith and fair dealing.

127.    As a direct result of USAA's aforementioned violations, Plaintiff has suffered damages in excess of $570,000.00 and consequential damages in an amount to be determined at trial.   Additionally, Plaintiff is entitled to an award of attorney's fees and punitive damages in an amount to be determined at trial.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Misrepresentation)

128.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "127" hereof with the same force and effect as though the same were set forth herein in full and in length.

129.    Plaintiff incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

130.    USAA intentionally and/or negligently misrepresented to Plaintiff that certain damage to the Property was not covered under the Policy even though the damage was caused by a covered occurrence.

131.    USAA also misrepresented that Plaintiff only had one year from the date of the loss to bring an action against USAA under the Policy which was contrary to the express terms of the Policy.

132.     The aforementioned misrepresentations were made by USAA with the intention that they should be relied upon and acted upon by Plaintiff, who relied on the misrepresentations to his detriment.

133.     As a result, Plaintiff has suffered damages, including but not limited to loss of the Property, loss of use of the Property, and attorney's fees.

134.     As a direct and proximate result of USAA's misrepresentations, Plaintiff has sustained general damages in excess of $570,000.00 in addition to consequential damages in an amount to be determined at trial.  USAA is liable for these actual, consequential and penalty-based damages.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Fraud By Negligent Misrepresentation)

135.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "134" hereof with the same force and effect as though the same were set forth herein in full and in length.

136.    Plaintiff incorporates by reference all facts and circumstances set forth in the foregoing paragraphs.

137.    USAA perpetrated fraud by misrepresentation (either intentionally or negligently) by falsely representing a fact of materiality to Plaintiff, who relied upon such representations that ultimately resulted in his injuries and damages.   Alternatively, USAA fraudulently concealed material facts from Plaintiff, the result of which caused damage to Plaintiff as a result of the fire-related damages.

138.    USAA knew or should have known that Plaintiff would be unable to sufficiently repair or replace his covered damages based on an estimate that was created using prices that did not reflect the local market where the claim was made.

139.    USAA failed to perform a thorough investigation and evaluation of Plaintiff's damages, failed to cover claims that were clearly covered and, therefore, undervalued and underpaid Plaintiff's claim, thereby denying properly covered damages.

140.    As a result of USAA's failure to pay for all properly covered damages, Plaintiff continued to face criminal charges.

141.    Specifically, and as a proximate cause and result of this fraudulent concealment, fraud and negligent misrepresentation, all of which were perpetrated without the knowledge or consent of Plaintiff, Plaintiff has sustained actual and consequential damages in an amount to be determined at trial.

142.    As a direct result of USAA's misrepresentations, fraud and bad faith claims handling practices, Plaintiff has sustained general damages in excess of $570,000.00 in addition to consequential damages in an amount to be determined at trial.  Plaintiff is also entitled to an award of attorney's fees and punitive damages in an amount to be determined at trial.

**WHEREFORE** Plaintiff demands judgment as follows:

1.    that judgment be entered in favor of Plaintiff against Defendant USAA on the First Cause of Action for the full amount of all losses sustained by Plaintiff in an amount not less than $570,000.00, together with the costs, interest, attorneys' fees, disbursements and expenses of this action;

2.    that judgment be entered in favor of Plaintiff against Defendant USAA on the Second Cause of Action for the full amount of all losses sustained by Plaintiff in an amount not less than $570,000.00, together with the costs, interest, attorneys' fees, disbursements and expenses of this action;

3.    that judgment be entered in favor of Plaintiff against Defendant USAA on the Third Cause of Action for the full amount of all losses sustained by Plaintiff in an amount not less than $570,000, together with the costs, interest, attorneys' fees, disbursements, expenses of this action, and punitive damages; and for such other and further relief as the Court may deem just, proper and equitable.

4.    that judgment be entered in favor of Plaintiff against Defendant USAA on the Fourth Cause of Action for the full amount of all losses sustained by Plaintiff in an amount not less than $570,000.00, together with the costs, interest, attorneys' fees, disbursements, expenses

of this action, and punitive damages; and for such other and further relief as the Court may deem just, proper and equitable.

5.      that judgment be entered in favor of Plaintiff against Defendant USAA on the Fifth Cause of Action for the full amount of all losses sustained by Plaintiff in an amount not less than $570,000.00, together with the costs, interest, attorneys' fees, disbursements, expenses of this action, and punitive damages; and for such other and further relief as the Court may deem just, proper and equitable.

6.      that judgment be entered in favor of Plaintiff against Defendant USAA on the Sixth Cause of Action for the full amount of all losses sustained by Plaintiff in an amount not less than $570,000.00, together with the costs, interest, attorneys' fees, disbursements, expenses of this action, and punitive damages; and for such other and further relief as the Court may deem just, proper and equitable.

7.      that judgment be entered in favor of Plaintiff against Defendant USAA on the Seventh Cause of Action for the full amount of all losses sustained by Plaintiff in an amount not less than $570,000.00, together with the costs, interest, attorneys' fees, disbursements, expenses of this action, and punitive damages; and for such other and further relief as the Court may deem just, proper and equitable.

8.      that judgment be entered in favor of Plaintiff against Defendant USAA on the Eighth Cause of Action for the full amount of all losses sustained by Plaintiff in an amount not less than $570,000.00, together with the costs, interest, attorneys' fees, disbursements, expenses of this action, and punitive damages; and for such other and further relief as the Court may deem just, proper and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands, pursuant to Fed. R. Civ. P. 38(b), a trial by jury on all issues in

the above-captioned action.

Dated:      New York, New York
              August 1, 2016

                      NICOLETTI HORNIG & SWEENEY
                      Attorneys for Plaintiff
                      BRIAN TOMEO

                      By:_____/s/ Val Wamser_____
                      VAL WAMSER (VW-0511)
                      Wall Street Plaza
                      88 Pine Street, 7th Floor
                      New York, New York 10005-1801
                      Tel. (212) 220-3830
                      Fax (212) 220-3780
                      FILE NO.:  00001203 FMM/VW
                      E-mail: vwamser@nicolettihornig.com

T:\vw\0-1203.Complaint.FINAL.docx